(No. 4678 ▮▮▮▮▮▮▮▮▮▮)

PAUL DILLARD AND BERTHAL DILLARD, HIS WIFE, AND KEITH DILLARD, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1959.*

FRANK E. TROBAUGH AND STEPHEN E. BRONDOS, Attorneys for Claimants.

GRENVILLE BEARDSLEY, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

The claimants in this case seek consequential damages under Article II, Section 13, of the Illinois Constitution.

The claim is based upon the following facts:

Paul and Berthal Dillard are the owners of certain real estate, which is located at the southeast corner of State Route No. 149 and Pershing Road near West Frankfort, Illinois. The real estate is improved with a filling station near the junction of the road, and a rent house to the west, which fronts on Pershing Road. Paul Dillard's homes lies to the east of the filling station on Route No. 149. The filling station, itself, is owned by Keith Dillard, and was placed on the land under lease from Paul Dillard.

During the Fall of 1952 and the Spring of 1953, the State raised the grade of Route No. 149 and Pershing Road approximately two feet. Prior to that time, an open ditch ran along both sides of Route No. 149 and the east side of Pershing Road, so that the surface water was readily carried away.

Under the new improvement, the crown of Route No. 149 was removed, and the road was widened about ten feet. The grade was changed, so that the water coming from the east was drained to the south and west. The ditch was removed, and a conduit was put in its place.

It appears from the evidence that the conduit did not take the place of the open ditch, and, as a result, storm water would run down the road, cross over and upon the filling station, then head in a southwesterly direction upon the rent house. The photographs, introduced in evidence, showed conclusively that the area was virtually a pond until the water could drain away.

The rent house was uninhabitable during the rainy season, as the basement would flood. Paul Dillard testified that he was obliged to replace a furnace, which had rusted out.

141

Claimants allege that, as a result of the improvement, they will be obliged to raise all of the buildings about two feet, haul in fill, and replace pipes, tanks and fittings.

Under Section 8A of the Court of Claims Act, the Court has jurisdiction to hear and determine claims for consequential damages to property arising out of the construction of public improvements. *Tenboer* vs. *State of Illinois*, 21 C.C.R. 353.

The evidence establishes damage beyond any argument. However, the proofs as to the amount are in conflict. Both of the claimants have agreed to accept a gross award and to apportion the amount among themselves, so that this Court will not be obliged to make separate awards.

From the evidence, the Court finds that claimants have suffered damages in the amount of $5,000.00.

An award is, therefore, made to Paul Dillard, Berthal Dillard and Keith Dillard in the amount of $5,000.00.